In re Estate of Joseph J. Raposa.
[Edward Borges *vs.* John A. Cory, *Adm'r*]
In re Estate of Joseph J. Raposa.
[John A. Cory, *Adm'r vs.* Edward Borges]

AUGUST 3, 1951.

Present: Flynn, C. J., Captosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. These cases are before us on bills of exceptions to two decisions of the superior court denying motions to dismiss two appeals from decrees of the probate court of the town of Portsmouth in this state. Hereinafter the parties will be referred to mostly by name or official capacity, the appellant being John A. Cory, administrator of the estate of Joseph J. Raposa, deceased, and the appellee being Edward Borges, a claimant against that estate.

The outline of a confusing situation is as follows. In

June 1947 Raposa was the driver of an automobile in which Borges was riding as a guest passenger. There was an accident and Raposa died shortly thereafter. Cory was appointed administrator of his estate by the probate court of the town of Portsmouth. In December 1947 Borges, who claimed that he was seriously injured as a result of the accident through the alleged negligent operation of the automobile by Raposa, filed a claim in the sum of $21,217 against the estate. The claim was not disallowed by the administrator within the time prescribed by general laws 1938, chapter 578, §6, as amended. In March 1949 the probate court entered a decree allowing the administrator's petition for leave to file a statement disallowing such claim out of time. On that same day the court heard and denied Borges' petition for the removal of the administrator for unfaithful administration on the ground, as alleged in the petition, that the latter had failed to pay his claim.

From the entry of separate decrees in conformity with the above-mentioned decisions Borges appealed to the superior court, thus giving rise to the two cases presently before us. In that court the administrator moved that the appeal in each case be dismissed because (1) the decree was not one from which an appeal lies; (2) Borges was not a "person aggrieved" within the meaning of G. L. 1938, chap. 573, §1; and (3) no jury question was raised by the reasons of appeal. Both motions were heard and denied by the superior court, whereupon the administrator brought each case to this court by bill of exceptions, which Borges then moved to dismiss as premature.

Since the two cases raise the same questions, we will hereinafter deal with them as one case, our decision, however, applying with equal force in both cases. Notwithstanding the rather confusing record, due mainly to the fact that in the superior court the administrator moved to dismiss Borges' appeal from the decree of the probate court and that in this court Borges filed a similar motion

with reference to the administrator's bill of exceptions, the basic questions presently before us are raised by the administrator's motion in the superior court to dismiss Borges' appeal. It is to be noted, however, that the appeal just mentioned is not now before us on its merits.

As already indicated, the administrator first contends that no appeal lies to the superior court from a decree of the probate court on a petition brought under G. L. 1938, chap. 578, §6, as amended. His argument in support of such contention is summarized by the following statement in his brief: "Since it is apparent that the granting of leave to disallow could not constitute an abuse of discretion on the part of the probate court, the appeal from that decree should have been dismissed on respondent's [administrator's] motion." That contention may be pertinent in a hearing on the merits of the appeal, but it has no application in the circumstances of the instant case where the only question for us to determine is whether an appeal lies from a decree of the probate court allowing an administrator to disallow a claim out of time. In other words, the question whether the probate court abused its discretion in entering such a decree in the circumstances of record is not presently before us. After due consideration we are of the opinion that the instant case is governed by our decision in *Davis* v. *Higgins*, 59 R. I. 339, where the same contention as now urged by the administrator here was unqualifiedly rejected by this court.

The administrator next contends that Borges was not a "person aggrieved" by the decree and therefore he could not appeal therefrom. To support that contention the administrator argues that Borges "had the same right to bring suit after the disallowance out of time as he had after a disallowance within the statutory period." Such an argument, which assumes by implication the truth of a matter in dispute, may be proper upon a hearing on the merits of the appeal, but it is without force in the circumstances of the instant case.

General laws 1938, chap. 573, §1, provides that a "person aggrieved" by an order or decree of a court of probate may appeal to the superior court by following a specified procedure. This court has consistently held that a party is aggrieved within the meaning of the statute when a decree of a probate court operates on his rights of property or bears directly upon his interest. The word "aggrieved" refers to a substantial grievance, that is, "a person to be aggrieved must be one who has an actual and practical, as distinguished from a mere theoretical, interest in the controversy." *Tillinghast* v. *Brown University*, 24 R. I. 179; *Hall* v. *Burgess*, 40 R. I. 314, 319; *Girard* v. *Sawyer*, 66 R. I. 403, 406; *Gemma* v. *Vervena*, 68 R. I. 342.

In the circumstances presently before us Borges had a direct personal interest in the order of the probate court permitting disallowance of his claim out of time, in that if such order were erroneous he would have the benefit of an allowed claim. The filing of the claim, even though open to dispute, is the assertion of a valuable legal right. A party adversely affected by a decree concerning that right is entitled to appeal therefrom as a "person aggrieved" within the meaning of the statute. The case of *Smith* v. *Whaley*, 27 R. I. 185, upon which the administrator relies, is inapplicable because of an obviously different factual situation.

The administrator's final contention is that Borges' reasons of appeal present no question triable by a jury. Under G. L. 1938, chap. 573, §4, an aggrieved person may claim a jury trial if a matter of fact be in dispute. In our judgment the reasons of appeal are sufficiently broad to permit the superior court to determine such question upon hearing the appeal on its merits. *Tillinghast* v. *Brown University, supra; Tillinghast* v. *Iverson*, 50 R. I. 23. That question, like the other two previously considered, is not now before us for determination.

For the reasons stated we are of the opinion that the

trial justice did not err in denying the administrator's motion in each case to dismiss Borges' appeal from the decree of the probate court.

The administrator's bill of exceptions in each case is therefore dismissed, and each case is remitted to the superior court for further proceedings.

*Cornelius C. Moore, Salvatore L. Virgadamo,* for Edward Borges.

*Francis V. Reynolds, Joseph V. Cavanagh,* for John A. Cory, Adm'r.